484

## HAGER v. GORDON.
### No. 5628.

District Court of Alaska.  Fourth Division.  Fairbanks.
Feb. 12, 1948.

Bailey E. Bell and Julien A. Hurley, both of Fairbanks, Alaska, for plaintiff.

Warren A. Taylor, of Fairbanks, Alaska, for defendant.

PRATT, District Judge.

In 1944 the defendant Gordon was an experienced transportation man in the interior of Alaska, having transported freight by boats on the rivers for many years. He then had one boat and barge, which he operated under the name of "The Gordon Transportation Company".

The plaintiff, Warren L. Hager, was the nephew of Mr. Gordon. Hager was a young man and was in the Army, stationed a few miles from Fairbanks. He had come to Alaska and worked a few months for his uncle upon his boat, before going into the Army.

In the Fall of 1944 Gordon and Hager made an agreement relative to building and operating a boat and barge. The Army was anticipating the need of additional boats on the rivers in the Summer of 1945, and was ready to enter into contracts for extensive freighting at good rates. Both Gordon and Hager were aware of this fact. By reason of this need on the part of the Army, it was possible for Gordon to get Hager released from his duties at the Army post, and assigned to the Gordon Transportation Company, which was owned solely by the defendant Gordon, to assist in such transportation.

Hager had only a few dollars from his Army pay. Gordon had a few thousand dollars, a boat and barge. He also had, or shortly thereafter procured, contracts to haul freight for the Army by river boat.

Hager stated that his agreement with Gordon was oral and as follows: That Gordon would put up the money for building, equipping and operating the boat and two barges; that he, Hager, would assist in the building of the same,

486

and after the boat and two barges were finished, he, Hager, would operate the boat and one barge and apply the earnings to repay the cost of building, equipping and operating the boat and one barge; that when said earnings had repaid all costs of building, equipping and operating said boat and barge, they were to be his, Hager's, free of any lien or claim on Gordon's part; that at all times, even before the earnings had paid off as above-mentioned, he, Hager, was to the owner of said boat and barge.

Gordon supplied the money and Hager assisted in the building of the boat and two barges, and in the Summer of 1945 Hager operated the boat (named "Elaine G") and one barge (named "Elaine G").

From the first part of July to sometime in October of 1945, Hager transported freight for the Army under contracts which the Gordon Transportation Company had with it.

In his complaint filed May 13, 1947, Hager alleged that he then was and at all times mentioned in the complaint had been the owner of and entitled to the possession of said boat and barge; that on the 20th day of April, 1946, when he, plaintiff, was in possession of said boat, the defendant took possession of the same unlawfully, and since that date had unlawfully and forcibly held possession thereof and wrongfully withheld said property from the plaintiff. He further alleged that in the Summer of 1946, the defendant used the boat for hauling freight, to the damage of plaintiff in the sum of $10,000.

The defendant denied all of the allegations of the plaintiff's complaint and alleged that he, defendant, was at all times the owner of said boat and barge, and that he had been in possession and entitled to the possession of said boat and barge at all times since they were built.

At the trial the plaintiff maintained: That during the operating season from July 4 to October 1, 1945, the earnings of the "Elaine G" boat and barge were some $52,000; that the expense of building, equipping and operating said

boat and barge to October, 1945, was some $1,600 less than the above-mentioned earnings.

The defendant testified that he, Gordon, built the "Elaine G" boat and barge, and was always the owner thereof; that he did not have an agreement with the plaintiff, Hager, that Hager was to be the owner of the boat and barge at any time prior to the time the cost of building, equipping and operating said "Elaine G" boat and barge had been repaid to him; that the earnings of said boat and barge were short of paying off the cost of building, equipping and operating the same in some $12,000, in addition to the amount owing for income tax upon the amount earned by said boat and barge.

The plaintiff admitted that he had not paid any income tax on the sums earned by said property, and also that his computations of the cost of operating said property did not include anything for the payment of income tax.

The Court's Instructions were framed upon the following theory, to wit:

(a) That if the title to the boat was originally in Gordon, it remained in him, whether or not the earnings of the "Elaine G" boat and barge had repaid all of the costs.; that if such payment had been made, the plaintiff, Hager, had a right of action in equity to compel the defendant Gordon to specifically perform the contract by conveying title of the property to him, Hager; that even if the plaintiff had the right of action for specific performance, he did not have title to the property merely by reason of making such repayment; that plaintiff had no right to bring this action in replevin, which is governed by the common law, Sec. 3271, C.L.A.1933 unless he was the legal owner of the boat and barge at the time of the alleged taking, to wit, April 20, 1946, and thereafter. In this connection it should be borne in mind that the agreement between Hager and Gordon was oral, and that Section 4319, Compiled Laws of Alaska 1933, provides as follows: "A sale or transfer of

a boat or vessel is not valid unless it be in writing and signed by the party making the transfer."

(b) That if Plaintiff and defendant had the agreement that plaintiff was to be the owner of the boat and barge upon their being completed and before the repayment of the cost thereof and of operating, then the plaintiff was the owner of said property at all times, and should prevail in this action, whether or not he had repaid Mr. Gordon the cost of building, equipping and operating such property.

Although no exception was taken to the Court's Instructions wherein the time of essential ownership of the property was stated to be April 20, 1946 (that being the time of the alleged unlawful taking thereof by the defendant) some complaint was made of that matter in the argument on the motion for a new trial.

The complaint alleged that plaintiff was the owner of said property on the 20th day of April, 1946, and that it was unlawfully taken from him upon that date by defendant. In the prayer, damages, in case the property was not returned, were asked for, together with interest from April 20, 1946. Also, all of the evidence in the case showed that plaintiff operated the boat and barge only during the Summer of 1945, and continued the same until about the first of October of that year, and brought a suit against Mr. Gordon relative to the title of the boat and barge very shortly thereafter. There was no change at any time in the title to the property after October of 1945, so plaintiff's rights were the same on the 20th day of April, 1946, as they were at the time of the bringing of the suit, May 13, 1947.

The plaintiff, however, maintains that he is entitled to have the $10,000 damages he prays for in his complaint, credited as a payment upon the cost of building, equipping and operating said boat and barge.

It would seem wholly illogical to permit plaintiff to use an unliquidated damage which can be liquidated only after a trial, so as to give him a right of action not existing

before the trial commenced. It is believed the Court correctly refused to give such credit.

As plaintiff did not allege a right of possession through any special facts, but claimed it by reason of being the owner and in possession under such ownership, he must have had title upon April 20, 1946, in order to prevail in this replevin action. 54 C.J. 439; Cobbey on Replevin (2d Ed.) S. 99; Banque de France v. Chase National Bank, 2 Cir., 60 F.2d 703.

That an equitable title is insufficient to support an action in replevin is shown by the authorities in 54 C.J. 439, and Cobbey on Replevin (2d Ed.) Sec. 100.

Plaintiff excepts to the 4th sub-division of the Court's Instruction Number 1A. It is believed that the Court correctly states the contention of the plaintiff as shown by his testimony. It is true that there are inconsistencies in the plaintiff's testimony about his contract with the defendant but it is the duty of the jury to decide which statement they will accept as true.

In Instruction Number 2, the Court sets forth the claims of the defendant as shown by this testimony. There are five subdivisions lettered from "a" to "e" inclusive. Those under "d" and "e" are obviously not claimed to have been a part of the agreement made in 1944, as they deal with time patently subsequent thereto. Sub-paragraphs "d" and "e" should have formed paragraphs under a heading "Defendant further claims", and should not be under the heading at the beginning of Instruction Number 2. However, the attorneys in the cause did not call the Court's attention to the error, and it is not believed that anybody was misled thereby.

The plaintiff excepts to sub-paragraph "d" of the Court's Instruction Number 2 upon the ground that it does not permit the plaintiff to apply said $10,000 damages in payment of any balance he might have owed upon said boat and

barge. It is believed the instruction is correct, for the reasons mentioned hereinabove as to said damages.

Exception is also taken by the plaintiff to the last paragraph of Instruction Number 2 on the ground that it does not deal with the question of burden of proof. As this question was treated elsewhere in the instructions, and the jury instructed to consider all of the instructions together, it is not deemed necessary to go into that subject in Instruction Number 2.

Exception is taken to the last three lines of sub-paragraph "(a)" of Instruction Number 3. It is believed that the matters hereinabove stated show the exception is not well taken.

Exception is taken by the plaintiff to sub-paragraph "(c)" of Instruction Number 3, on the ground that plaintiff paid off all expenses of building, equipping and operating said property until the Fall of 1945, and that it was immaterial whether or not he was the owner prior thereto. As the instruction does not deal with time prior to the Fall of 1945, and as the instruction is in harmony with the theory of the Court above-mentioned, the exception is not well taken.

■ It appearing to the Court that the ownership of the boat and barge vested in the defendant Gordon, at all times from the beginning and remained in him at all times;

It further appearing that the motion for a new trial is not well taken, the same should be denied.